IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

June 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JOHN S. POINDEXTER, III, and      )   HAMILTON COUNTY
TRUST COMPANY OF GEORGIA BANK      )   03A01-9810-CH-00323
OF SAVANNAH, N.A., Co-Trustees     )
of the Trust Under Agreement       )
with JOHN S. POINDEXTER, JR.       )
                                   )   HON. HOWELL N. PEOPLES,
     Plaintiffs-Appellees          )   CHANCELLOR
                                   )
     v.                            )
                                   )
JAMES M. STRANG, JR., and          )
wife CHERYL STRANG                 )
                                   )
     Defendants-Appellants         )   AFFIRMED AND REMANDED

BARRY L. ABBOTT and LEE DAVIS OF CHATTANOOGA FOR APPELLANTS

SCOTT N. BROWN, JR., OF CHATTANOOGA FOR APPELLEES

O P I N I O N

Goddard, P.J.

        This is a suit for declaratory judgment wherein John S. Poindexter, III, and Trust Company of Georgia Bank of Savannah, N.A., Co-Trustees of a trust established by John S. Poindexter, Jr., seek a determination that certain real estate held by them in trust was not encumbered by a right of first refusal, as insisted by the Defendants, James M. Strang, Jr., and his wife Cheryl Strang.

The Trial Court granted a summary judgment[1] in favor of the Plaintiffs, resulting in this appeal wherein the Defendants raise five separate issues which may be summarized as follows:

1.   The Trial Judge improperly granted summary judgment because he did not apply the appropriate standard in evaluating the Plaintiffs' motion and there are disputed issues of material fact.[2]

2.   The Trial Court should have held that the Plaintiffs were estopped from denying the Defendants' right of first refusal, and in refusing the Defendants the right to purchase the property.

3.   The Trial Court should have granted the Defendants' motion for summary judgment.

The Trial Judge entered an excellent memorandum opinion regarding the issues raised.  (See Appendix.)  Our review of the record and the briefs of the parties persuades us that he correctly stated the undisputed material facts and correctly applied the prevailing law.  We accordingly adopt his memorandum opinion as the opinion of this Court.

---

[1]   Subsequent to the Chancellor's grant of summary judgment, the Co-Trustees quit-claimed the property in question to John S. Poindexter, III, and his sister, Margaret Poindexter Varner, who are the beneficiaries of the trust.  Upon motion of the Strangs and order entered, both were made parties to this suit.

[2]   It should be noted that notwithstanding the Strangs' insistence that there are disputed issues of material fact, under the third issue they contend that they are entitled to a summary judgment.

2

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Strangs and their surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.